UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joseph Bourget d/b/a
Bourget Amusement Company,
    Plaintiff

    v.                                              Case No. 11-cv-88-SM
                                                       Opinion No. 2017 DNH 012
Hillsborough County
4H Foundation, Inc.,
    Defendant


**O R D E R**

    This civil case has been bogged down for quite some time now due to a chronic health condition that allegedly keeps plaintiff home-bound.  While evidence of plaintiff's condition has been vague (counsel's proffer of general impressions and descriptions of symptoms by Dr. Ann Marie Joyce), the parties seem to accept that plaintiff has not been able to appear in court, and that he likely will not be able to do so for an extended period.  The case is ready for trial and would have been tried two years ago, but for plaintiff's chronic condition.

    The court invited the parties to show cause why the case should not be administratively closed, subject to reopening upon motion of either party should plaintiff's condition abate sufficiently to permit his trial participation.  Defendant

understandably objected to an administrative closure, given the prospect of indefinite exposure to liability and no reliable end point in sight.

Defendant now seeks to move the case to resolution, having filed a motion to dismiss for want of prosecution (document no. 109). Plaintiff has objected, pointing out that the delay in this case springs from his chronic health condition and is not due to any untoward or culpable conduct on his part.

Dismissal for want of prosecution is plainly not warranted here. The case is not foundering for lack of participation in discovery, or failure to prepare, or due to obstruction or neglect, or failure to comply with case management orders. See, e.g., Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 64 (1st Cir. 1999); Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009). The delay is entirely attributable to plaintiff's claimed (and unchallenged) inability to appear (and testify) at trial.

At this point, there is no reason to think that plaintiff's condition is likely to improve in the foreseeable future. No reason has been offered to think so by the plaintiff, or his counsel, or his physician. Although the medical "evidence,"

2

such as it is, is vague, general, and unenlightening, because the parties do not doubt the health conditions underlying the delay, neither will the court.

So, accepting that plaintiff is chronically ill and effectively home-bound, and that he will not likely be able to attend trial in the reasonably near future, and recognizing that the delay has now moved beyond what is acceptable, and that defendant is entitled to have the claims addressed and finally resolved, it is apparent that other measures are required.

The case shall be reset for trial in June of 2017.  Any party wishing to do so may arrange, or if necessary notice, and take a testimonial deposition of plaintiff at his home before April 28, 2017.[1]  If plaintiff has sufficiently recovered by June to permit him to attend and/or testify at trial he may of course do so.  If not, his testimonial deposition will be admissible as if he was unavailable, and the case will proceed in his absence. A similar solution in a similar situation was developed in <u>Field v. American-West African Line, Inc.</u>, 154 F.2d 652 (2d Cir. 1946) (L. Hand, Swan and Phillips, JJ.).  As in <u>Field</u>, trial upon

---

[1]    Nothing in this record suggests that plaintiff cannot be deposed in his own home due to any limitation arising from his health condition.

depositions in this extensively delayed civil case fairly balances plaintiff's interest in presenting his case as fully as possible, and defendant's interest in having the matter resolved.

## Conclusion

Trial will be reset for June 2017. Any party may notice and take a testimonial deposition from plaintiff before April 28, 2017. The trial will proceed as scheduled either with plaintiff's attendance or in his absence. The motion to dismiss for want of prosecution (document no. 109) is denied, albeit without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 19, 2017

cc: Paul F. Cavanaugh, Esq.
    Heather M. Gamache, Esq.
    William F. Burke, Esq.
    Samantha D. Elliott, Esq.